**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **RICHARD J. JOHNSON,** | § | |
| **TDCJ No. 01777095,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:18-cv-00049-O-BP** |
| | § | |
| **KENDALL RICHERSON,** | § | |
| **Warden of the Allred Unit,** | § | |
| | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Richard Johnson. ECF No. 1. Petitioner challenges his parole revocation and requests "immediate parole release." *Id.* at 2, 6–7.  After consideration of the pleadings and the applicable law, the undersigned recommends that United States District Judge Reed O'Connor **DISMISS** without prejudice the Petition for Writ of Habeas Corpus.

On May 2, 2018, the undersigned entered a Notice of Deficiency and Order which directed Petitioner to: "either pay the $5.00 filing fee or file a motion for leave to proceed *in forma pauperis*. A form motion for leave to proceed *in forma pauperis* and a certified trust account statement are available in the law library of the prison unit in which Petitioner is confined." ECF No. 5. The Order required Petitioner to cure the deficiencies by June 4, 2018, and cautioned him that "[f]ailure to comply with [the] order may result in dismissal of the petition without further notice."  *Id.* On May 2018, Petitioner filed a letter notifying the Court that he cannot access his inmate trust account. ECF No. 6.  In response, on June 5, 2018, the Court *sua sponte* extended Petitioner's time

1

to either pay the filing fee or file a motion for leave to proceed *in forma pauperis* by July 5, 2018, and informed Petitioner that his potential claim for denial of the right of access to court may be filed in a separate civil rights action. *Id.* Then on June 25, 2018, Petitioner filed an application to proceed *in forma pauperis*, again, without the required inmate trust account attached. ECF No. 8

The Court takes judicial notice that blank *in forma pauperis* application forms and inmate trust account statements are readily available through the law libraries in Texas state prisons. *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming district court's dismissal for want of prosecution after inmate failed to comply with *sua sponte* order to provide financial information for assessment of PLRA filing fee);  *Morrow v. Collins*, 111 F.3d 374 (5th Cir. 1997) (taking judicial notice that an inmate confined in a Texas state prison can get a statement of inmate trust account from the prison law library and dismissing the case for want of prosecution, even though the prisoner claimed that he could not get the statement due to hostility on the part of prison officials).

Rule 41(b), Federal Rules of Civil Procedure, allows the district court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow orders of the Court.  This authority flows from the Court's inherent power to manage its docket.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962)).  A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).  However, a dismissal *with prejudice* for want of prosecution is an extreme sanction that should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]."  *Id.*

2

In the case at bar, Petitioner has failed to comply with the Court's orders. Absent compliance, this case cannot proceed. In light of the status of this case, the imposition of fines and costs is not appropriate. Although Petitioner has failed to comply with the Court's orders, it is not evident from the record that Petitioner has engaged in purposeful delay or contumacious conduct. Upon consideration of all relevant factors, the undersigned finds that the interests of justice and those of judicial efficiency would best be served by dismissal of this action without prejudice.

Accordingly, the undersigned **RECOMMENDS** that Petitioner's Petition for Writ of Habeas Corpus be **DISMISSED** without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure, for want of prosecution, and that Petitioner may reopen this case by filing a motion to reopen and complying with the Court's Notice of Deficiency and Order within thirty days of the date of Judge O'Connor's order adopting this Findings, Conclusions, and Recommendation.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

3

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      Signed June 26, 2018.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

4