IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| RICHARD JAMES JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 7:18-cv-00049-O-BP |
| | § | |
| DIRECTOR TDCJ - CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a 28 U.S.C. § 2254 habeas corpus petition (ECF No. 1) ("the Petition") and Brief in Support (ECF No. 2) filed by Richard James Johnson ("Johnson") on April 9, 2018. Johnson filed a proper Application to Proceed *in forma pauperis* with an attached Certificate of Inmate Trust Account on July 23, 2018. (ECF No. 14). The Court granted Johnson's Application in an order dated August 31, 2018. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** the Petition **WITHOUT PREJUDICE**.

**I.    FACTUAL BACKGROUND**

Johnson is an inmate currently confined in the Alfred Hughes Unit of the Texas Department of Criminal Justice in Gatesville, Texas. *See* Offender Information Details, Texas Department of Criminal Justice, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid= 04034287 (last visited July 31, 2019). Johnson was convicted of burglary of a habitation on August 15, 2000 and sentenced to thirty years' imprisonment by the 159th Judicial District Court of Angelina County, Texas. *Id.* (*See also* ECF No. 25-2 at 1). Thereafter, Johnson was convicted of an escape offense on October 18, 2000 and sentenced to ninety-nine years in prison by the 159th

Judicial District Court of Angelina County, Texas. *Id.* (*See also* ECF No. 25-20 at 4). Prior to filing the Petition, Johnson filed eight state habeas applications, directly challenging his convictions. (ECF No. 25-20 at 35-37).

Johnson filed the Petition on April 9, 2018, challenging his parole eligibility hearing that allegedly occurred on March 7, 2018. (ECF No. 1 at 1, 5). This case was automatically referred to the undersigned by order dated April 9, 2018. (ECF No. 3). The undersigned entered a Notice of Deficiency and Order (ECF No. 7) on June 5, 2018, informing Johnson that he needed to either pay the $5.00 filing fee or file an Application to Proceed *in forma pauperis* with an attached Certificate of Inmate Trust Account. Johnson was required to cure the deficiency on or before July 5, 2018. (*Id.*). On June 25, 2018, Johnson filed an Application to Proceed *in forma pauperis* (ECF No. 8) that was deficient because he attached a Certificate of Inmate Trust Account that was not signed by an authorized officer of the institution in which he was confined. (*Id.* at 3).

The undersigned entered Findings, Conclusions, and a Recommendation (ECF No. 9) on June 26, 2018, recommending that the Petition be dismissed without prejudice for failure to comply with the Court's order. Johnson filed an objection to the undersigned's recommendation on July 16, 2018. (ECF No. 10). Judge O'Connor adopted the undersigned's recommendation and entered final judgment on July 17, 2018. (ECF Nos. 11-12). Judge O'Connor dismissed Johnson's Petition without prejudice to his right to file a Motion to Reopen accompanied by a signed Certificate of Inmate Trust Account within thirty days of the final judgment. (ECF No. 11). Johnson filed a Notice of Appeal (ECF No. 15) to the United States Court of Appeals for the Fifth Circuit on July 30, 2018.

On July 23, 2018, Johnson filed another Application to Proceed *in forma pauperis* with an attached and signed Certificate of Inmate Trust Account. (ECF No. 14). Judge O'Connor entered

an Order Reopening Case (ECF No. 16) on August 10, 2018 in which he explained that because Johnson cured the deficiency within thirty days of the final judgment, it was "apparent that he wishe[d] to proceed with this [case]." (*Id.*). Judge O'Connor vacated the order and judgment and reopened the case. (*Id.*).

Judge O'Connor referred this case to the undersigned "for a hearing, if necessary, and findings of fact, conclusions of law, and recommendation for disposition" by order entered on August 10, 2018. (ECF No. 17). On August 31, 2018, the undersigned granted Johnson's second Application to Proceed *in forma pauperis*. (ECF No. 18). On October 16, 2018, the Fifth Circuit declared Johnson's appeal moot because the relief he sought was granted by the Court. (ECF No. 19). The Petition is now ripe for review.

Johnson alleges that the TDCJ and the Board of Pardons and Paroles (the "Board") miscalculated the number of years until he becomes eligible for parole. (ECF No. 1 at 6). According to Johnson, he should become eligible for parole in 2024 after having served twenty-four years and seven months in prison, which is one-fourth of the time of his ninety-nine-year sentence. (*Id.*). Johnson argues that the Board incorrectly determined that he will become eligible for parole in 2048, which is approximately half of the length of his prison sentence. (*Id.*).

Next, Johnson alleges that in determining his parole eligibility, the Board did "[n]ot us[e] the 'ESSENTIAL CHARACTERISTICS' test." (*Id.*). Johnson elaborates that his due process rights were violated when the Board allegedly miscalculated his criminal history score and failed to abide by its parole eligibility guidelines. (*Id.*).

He further argues that the Amarillo Parole Board ("Amarillo") violated his due process rights when it misapplied "Rule 1.d." (*Id.* at 7). Although Johnson never explains the definition of "Rule 1.d" or how it was misapplied in the context of his parole eligibility hearing, the undersigned

located a potentially connected rule upon further research. The Board's website lists a webpage of "approval/denial reasons" for parole/mandatory supervision eligibility. *See* Approval/Denial Reasons, Parole/Mandatory Supervision Information, Texas Board of Pardons and Paroles, https://www.tdcj.texas.gov/bpp/what_is_parole/reasons.htm (last visited July 26, 2019). One of the reasons is labeled with the heading, "1. CRIMINAL HISTORY," and below that heading is "**D** [t]he record indicates that the offender has repeatedly committed criminal episodes that indicate a predisposition to commit criminal acts upon release." *Id.* To the extent that this is the rule to which Johnson refers, he argues that his opportunity for earlier parole due to good behavior was foreclosed once Amarillo applied "Rule 1.d" at his parole eligibility hearing. (ECF No. 1 at 7).

Johnson also argues that his due process rights were violated when he did not receive timely notice of his parole eligibility hearing and was unable to "speak with at least one of the [p]arole [b]oard members voting on [his] case." (*Id.*).

Johnson makes contradictory allegations in the Petition. He alleges that he did not file any petitions, applications, or motions in any state or federal court challenging his parole revocation. (*Id.* at 5). However, he checked the "yes" box when asked had he "previously filed a federal habeas petition attacking the same . . . parole revocation . . . that [he] . . . attack[ed] in this petition." (*Id.* at 8). Johnson does not mention the dates of each alleged petition or identify the federal court in which he filed the petition(s). (*Id.*). Upon further research, the undersigned located a state habeas application that Johnson filed in the Texas Court of Criminal Appeals ("TCCA") that was received on May 6, 2019. *See* TAMES Search, https://search.txcourts.gov/Case.aspx?cn=WR-50,257-27&coa=coscca (search Criminal Appeals Case No: WR-50,257-27). The undersigned could not access the actual state habeas application to identify the issues that Johnson raised in that petition. *Id.* However, the undersigned accessed a notice from the TCCA in which the court refused to act

because the state habeas application did not comply with requirements contained in a previous order that cited Johnson for abuse of the writ. *Id.* Lastly, Johnson seeks relief in the form of "[i]mmediate [p]arole release." (ECF No. 1 at 8).

## II. LEGAL STANDARD

### A. Exhaustion Requirement for § 2254 Habeas Cases

> Under the [exhaustion requirement of the Antiterrorism and Effective Death Penalty Act of 1996] . . . , a federal court may not grant habeas relief unless it appears that the applicant has exhausted the remedies available in the courts of the state. *See* § 2254(b)(1)(A); [*Harrington v.*] *Richter*, 562 U.S. [86,] . . . 103 [(2011)]. This requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005) (quoting *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement. *See* § 2254(b)(3); *Woodfox v. Cain*, 609 F.3d 774, 792-793 (5th Cir. 2010). An application for habeas relief may be denied on the merits, notwithstanding the failure of the applicant to exhaust state remedies. § 2254(b)(2).

*See Jones v. Stephens*, 157 F. Supp. 3d 623, 638 (N.D. Tex. 2016) (quotation omitted).

## III. ANALYSIS

Respondent argues that the Court should dismiss the Petition without prejudice because Johnson failed to properly exhaust his administrative remedies. (ECF No. 26 at 4-6). Johnson replies that he attempted to exhaust his state remedies by filing a state habeas application in the TCCA, challenging his parole eligibility hearing. (ECF No. 30 at 1). Johnson explains that on May 15, 2019, the TCCA "ruled . . . [that it] previously entered an order citing [him] for abuse of writ." (*Id.*). The TCCA elaborated that his most recently filed state habeas application did not satisfy the requirements for consideration set forth by its previous order, and that it refused to act on Johnson's application. (*Id.*). *See also* TAMES Search, https://search.txcourts.gov/Case.aspx?cn=WR-50,257-27&coa=coscca (search Criminal Appeals Case No: WR-50,257-27). Johnson argues that he exhausted his administrative remedies but to no

avail. (ECF No. 30 at 1). Finally, Johnson asserts that the trial court, "in WR-50,257-27[,] ruled . . . that the [Board's] Mandatory supervision date is in err [sic]." (*Id.*).

In Texas, a federal habeas petitioner must present his claims to the TCCA in a PDR or an application for writ of habeas corpus for those claims not to be barred by AEDPA's exhaustion requirement. *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Here, Johnson has not shown that the "substance of [his] federal habeas claim has been fairly presented to the [TCCA]," and the Court's research does not show otherwise. *Id.* (citing *Morris*, 413 F.3d at 491). Johnson has not completed one round of the Texas appellate review process regarding the challenge of his parole eligibility hearing.

The law is clear that to exhaust one's administrative remedies, a petitioner must *properly file* an application for writ of habeas corpus with the highest state court and fairly present the issues to that court before presenting them in a federal petition. *Larry v. Dretke*, 361 F.3d 890, 893-98 (5th Cir. 2004) (emphasis added). Because Johnson's state habeas application regarding the challenged parole eligibility hearing was not properly filed with the TCCA, he has not exhausted his administrative remedies.

## IV. CONCLUSION

Johnson has not properly filed a state habeas application with the TCCA challenging his parole eligibility hearing. Absent a proper filing, he has not exhausted his administrative remedies. His Petition should be denied without prejudice so that he may file a proper application in that court.

## RECOMMENDATION

After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Johnson's Petition for Habeas Corpus **WITHOUT PREJUDICE**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **August 1**, **2019**.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE